Stephen Bodnar, Jr. and Susan Bodnar, Appellants v. Columbia County Sanitary Administrative Committee, Appellee.

Argued March 10, 1980, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Gailee C. Keller*, of *Smith, Eves, Keller and Harding*, for appellants.

*Richard J. Roberts, Jr.*, of *Leavens, Younkin & Roberts*, for appellee.

Opinion by Judge Blatt, May 13, 1980:

The appellants, Stephen and Susan Bodnar, appeal here from an order of the Court of Common Pleas of Columbia County ordering them to install one of two alternate sewage systems in compliance with the Pennsylvania Sewage Facilities Act (Act).[1]

The appellants, owners of a two-acre lot in North Centre Township, applied to the Columbia County Sanitary Administrative Committee (Committee) for a permit to construct an on-lot sewage disposal system in conjunction with the construction of a residence. A permit (No. 29908) was issued to them for the installation of an elevated sand-mound sewage disposal system at a designated site on the lot; they, however, in-

---

[1] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §750.1 et seq.

stalled a different type of sewage disposal system for which no permit had been granted. The Committee then revoked the initial permit, and this revocation was sustained by the Committee's Appeals Board. Pursuant to a second application made by the appellants, the Committee issued another permit (No. 30979) to construct either an elevated sand-mound or a sand-lined bed sewage disposal system at a designated site on the property. The appellants, however, persisted in their refusal to install a permitted disposal system, and the Committee therefore filed a complaint against them for their violation of Section 7 of the Act, 35 P.S. §750.7. Following a hearing before a district justice they were convicted, and because of their continued refusal to install an aproved system, the Committee filed a complaint in equity seeking a mandatory injunction against them. After a hearing before the common pleas court, a Decree Nisi was entered directing the appellants to install an approved system within six months or to vacate their residence. The appellants' exceptions to the Decree Nisi were dismissed and an amended order was entered making the Decree Nisi a Final Decree. This appeal followed.

The first issue raised here by the appellants is whether or not the Committee had standing to institute the instant action. The record indicates that the municipality in which the appellants reside enacted an ordinance delegating the administration of Section 7 of the Act, 35 P.S. §750.7, to the Committee. Accordingly, under Section 8 of the Act, 35 P.S. §750.8, the Committee is authorized to "proceed under Section 12 of the Act to restrain violations of the Act and the rules and regulations adopted hereunder." Section 12, 35 P.S. §750.12, in turn, provides as follows: "Any local agency . . . shall have the power to institute suits in equity to restrain or prevent violations of section 7 of this act occurring within the jurisdiction . . . of said

local agency. . . ." Furthermore, although we agree with the lower court's characterization of such actions as superfluous, the North Centre Township did adopt additional measures specifically authorizing the instant suit.

The second issue raised here by the appellants pertains to the admissibility of certain testimony elicited from the Committee's Sewage Enforcement Officer and two representatives of the Pennsylvania Department of Environmental Resources. Specifically, the appellants challenge the qualifications of the Committee's Sewage Enforcement Officer. It is axiomatic, of course, that the question of a witness' competency as an expert is discretionary with the trial court and that its decision will not be overturned unless there exists a clear abuse of discretion or an error of law. *Department of Transportation v. WWSW Radio, Inc.*, 34 Pa. Commonwealth Ct. 287, 383 A.2d 552 (1978). We find neither situation present here.

The appellants argue finally that the court below erred in granting the equitable relief requested in the absence of any showing of actual damage caused by the refusal of the appellants to comply with the Act. The Committee contends, on the other hand, that given two of the avowed purposes of the Act, *i.e.*, to promote and reform standards for on-lot sewage disposal systems, 35 P.S. §750.3(4), and to encourage the use of the best available technology for such sewage disposal systems, 35 P.S. §750.3(6), the mere violation of the Act is sufficient ground for equitable relief. We must agree. There can be no doubt that the adequate disposal of sewage affects the health and welfare of the public and is therefore subject to regulation by the government pursuant to the police power. It is only necessary that the means utilized by the government to effectuate its purposes be reasonable. Here we believe that the permit requirement is reasonable and

that the refusal of the appellants to comply with this requirement justifies a finding of public injury sufficient to warrant equitable relief.

The order of the lower court is therefore affirmed.

### ORDER

AND Now, this 13th day of May, 1980, the order of the Court of Common Pleas of Columbia County in the above-captioned matter, dated February 21, 1979, is hereby affirmed.